# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
11/22/2021
CT Log Number 540622046

**TO:** Cathy Schuda
Target Corporation
1000 NICOLLET MALL
MINNEAPOLIS, MN 55403-2542

**RE:** **Process Served in Massachusetts**

**FOR:** Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JO ANN NELSON // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2184CV02591 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/22/2021 at 09:30 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/22/2021, Expected Purge Date: 11/27/2021 |
| | Image SOP |
| | Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / MJ

11-23-2021         000429267G0001         6020211123011962



## PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Nov 22, 2021
**Server Name:** Drop Service

| Entity Served | Target Corporation |
|---|---|
| Case Number | 2184CV02591 |
| Jurisdiction | MA |



12/7/2021

11-23-2021    000429267G0001    6020211123011962

https://www.sedgwicksir.com/EditorHTML5/printModule.html

| Summons | CIVIL DOCKET NO. 21 84 CV 02591 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: JOANN NELSON Plaintiff(s) vs. TARGET CORPORATION Defendant(s) | | Michael Joseph Donovan, Clerk of Courts Suffolk County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO **TARGET CORPORATION** (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **SEE ABOVE** Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

  b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:
  **CIRIGLIANO & ASSOC., P.C. 185 DEVONSHIRE ST. STE. 302, BOSTON, MA 02110**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or, you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A true copy Attest: _____ Deputy Sheriff Suffolk County

11-23-2021                    000429267G0001                    6020211123011962

3 (cont). You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules of court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____, Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _Michael Joseph Donovan_
                  Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

11-23-2021              000429267G0001              6020211123011962

https://www.sedgwicksir.com/EditorHTML5/printModule.html                    12/7/2021

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**

**Trial Court of Massachusetts
The Superior Court**

**COUNTY**

| | | | |
|---|---|---|---|
| **Plaintiff:** | Joann Nelson | **Defendant:** | Target Corporation |
| **ADDRESS:** | 625 Shawmut Ave, Apt. 194<br>Boston, MA 02118 | **ADDRESS:** | c/o C T Coporation System<br>155 Federal Street, Suite 700<br>Boston, MA 02110 |
| **Plaintiff Attorney:** | Mark H. Cirigliano, Esq. | **Defendant Attorney:** | |
| **ADDRESS:** | 185 Devonshire Street<br>Suite 302<br>Boston, MA 02110 | **ADDRESS:** | COPY |
| **BBO:** | 651999 | **BBO:** | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence/Personal Injury | F | ☒ YES  ☐ NO |

"If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

RECEIVED
NOV 1 0 2021
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

A. Documented medical expenses to date
1. Total hospital expenses ............................................. $72,212.72
2. Total doctor expenses ............................................... $2,052.00
3. Total chiropractic expenses ....................................... 
4. Total physical therapy expenses ................................ $4,410.00
5. Total other expenses (describe below)
   TBD

   Subtotal (1-5): $78,674.72

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)
   TBD

   TOTAL (A-F): $78,674.72

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Bilateral knee injuries, dislocated right knee, total right knee replacement, various related soft tissue injuries.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____   Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____   Date:

SC0001: 1/22/2021   www.mass.gov/courts   Date/Time Printed: 11-08-2021 10:21:41

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                           SUFFOLK COUNTY SUPERIOR COURT
                                                                       C.A. #: _____

JO ANN NELSON            )
     Plaintiff           )
                         )        **COMPLAINT AND DEMAND**
                         )        **FOR JURY TRIAL**
v.                       )
                         )                                             **RECEIVED**
                         )
TARGET CORPORATION       )                                             NOV 1 0 2021
     Defendant           )
                         )                                             SUPERIOR COURT-CIVIL
                                                                       MICHAEL JOSEPH DONOVAN
                                                                       CLERK/MAGISTRATE

NOW COMES the Plaintiff, Jo Ann Nelson, and avers as follows:

### PARTIES

1. The Plaintiff, Jo Ann Nelson, is an individual with a current residential address of 625 Shawmut Ave. Apt. 194, Boston, Suffolk County, Massachusetts 02118.

2. The Defendant, Target Corporation (hereinafter referred to as "Target") is a corporation doing business in Boston Massachusetts at the South Bay Center and has a registered agent of C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

### FACTS COMMON TO ALL COUNTS

3. At all relevant times material to this action, Target Corporation owned and/or operated the Target located at South Bay Center in Boston, Massachusetts (hereinafter referred to as "retail store" or "Target").

4. At all relevant times material to this action, Target maintained control over the Retail store and its merchandise.

11-23-2021                         000429267G0001                      6020211123011962

5. At all relevant times material to this action, Target operated a "self-service" retail store designed to allow customers to shop for food and merchandise displayed for sale without the assistance of any Target employees.

6. At all relevant times material to this action, the Retail store was designed for and functioned as "self-service" shopping.

7. At all relevant times material to this action, Target knew or should have known that the retail store's "self-service" mode of operation resulted in the recurring presence of food products, foreign substances, liquids and/or other merchandise on its floor.

8. At all relevant times material to this action, Target knew or should have known that the presence of food products, liquids or other foreign substances on the floor created slipping or tripping hazards to its customers.

9. At all relevant times, Target failed to take the reasonable precautions necessary to prevent injury to its customers from those foreseeable slipping or tripping hazards.

10. On or about May 13, 2019, at all relevant times hereto, Plaintiff, Jo Ann Nelson, was an invitee shopping in the Retail store.

11. At all relevant times on May 13, 2019, Plaintiff slipped on a liquid substance on the floor of the Retail store and fell to the ground.

12. A Target employee or employees, including but not limited to a manager, was contacted to report Plaintiff's slip and fall on May 13, 2019.

13. At the time of Plaintiff's fall, no warning or caution signs were placed at or near the location of the liquid substance.

14. As a result of the slip and fall, Plaintiff sustained serious injuries.

## COUNT I: NEGLIGENCE

15. The Plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

16. The Defendant owed a duty of reasonable care to the Plaintiff, an invitee, with respect to its premises including, but not limited to, the Retail store floors.

17. At all relevant times, the Defendant owed a duty to the Plaintiff to maintain its premises in a reasonably safe condition including, but not limited to, the Retail store floors, so as to prevent injuries to its patrons and visitors.

18. The Defendant, given the design of Retail store and the nature of its "self-service" retail store, knew or should have known that food products, liquids or other merchandise would regularly be dropped, spilled and/or knocked onto the floor by Defendant's employees, servants, contractors, customers or others creating a foreseeable risk of harm to invitees like the Plaintiff.

19. At all relevant times, the Defendant knew or should have known upon reasonable inspection that water or some other liquid was present on the Retail store floor creating a hazardous condition to others prior to Plaintiff's fall.

20. The Defendant, its servants, agents, partners or employees were negligent and breached their duties to Plaintiff by failing to maintain its premises in a reasonably safe condition; failing to warn of known hazardous conditions; failing to eliminate the slip and fall hazards that it knew or should have known existed in the Retail store and/or failing to take reasonable measures commensurate with the risks involved with self-service mode of operation to prevent injury to invitees.

21. As a direct and proximate result of Defendant's negligence, Plaintiff suffered, and continues to suffer from significant bodily injuries, great pain of body and anguish of mind, and has been caused to incur substantial medical expenses and loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of her damages.

### RELIEF SOUGHT

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendant on all Counts in an amount to be determined by a jury to serve as damages plus costs, interest and reasonable attorney fees as allowed by law, plus such other and further relief as this Court deems equitable and just.

### JURY TRIAL DEMAND

THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HER COMPLAINT.

Respectfully submitted,
Plaintiff, Jo Ann Nelson
By her attorney,

Mark H. Cirigliano, Esq.
BBO #: 651999
CIRIGLIANO & ASSOCIATES
155 Dudley Street
Boston, MA 02119
(617)-367-0351
mhc@lawyer.com

Dated:

11-23-2021         000429267G0001         6020211123011962